## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Southampton Investment Corp.

v.

W. T. Burkette

June 1, 1971

BY JUDGE A. CHRISTIAN COMPTON

The crux of the issue in this case is the particular class of tenancy wherein the defendant holds the premises in question.

The evidence discloses that Mr. Garrigan, acting as the agent of the plaintiff, agreed to let to the defendant the premises which had previously been let to Mr. Archer who, in turn, had occupied the premises under an oral agreement which was based upon the written lease between the plaintiff and High's of Richmond, Incorporated. From the facts presented, the Court concludes that the defendant agreed with the plaintiff's agent to lease the premises "for the period commencing on October 10, 1970, and ending June 30, 1971." The defendant had seen Archer's agreement (Plaintiff's Exhibit 4) and a copy of the High's lease which was attached thereto. The term of the High's lease was "for a period of ten (10) years commencing on July 1, 1961, and ending June 30, 1971." The defendant understood that he would "assume the lease" of Archer.

Based upon the above findings of fact, it is clear that the defendant upon an oral agreement acquired a tenancy for years. An estate for years is defined as an interest arising from an agreement for the possession of premises for some definite period. "Every estate which must expire at a period certain and fixed in advance, by whatever words created, is an estate for years." 49 Am. Jur. 2d, *Landlord and Tenant*, § 65, page 106. See also *Restatement, Property*, § 19. As is pointed out in the first illustration under the aforesaid section of the *Restatement*,

"[a]n estate in B 'for three weeks from January 1 of next year'" is an estate for years. The definiteness of the duration of this term having been established, an estate for years has been created, therefore, the defendant is entitled to remain in possession of the premises through June 30, 1971, but no longer.

Of course, since the agreement was to be performed within a year, the Statute of Frauds does not apply. Code Section 11–2(6).

Moreover, since the facts do not disclose that this was a tenancy from year to year nor one from month to month, the statutory notice provisions do not apply. Code Section 55–222. Furthermore, a tenancy at will has not been established.

For the reasons stated above, judgment has been entered in favor of the defendant.